USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

UNITED STATES OF AMERICA   :
               :     18-CR-628 (VEC)
   -against-      :
               :
ODUNAYO EKUNDAYO,    :    OPINION AND ORDER
               :
        Defendant. :

----------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

   Odunayo Ekundayo ("Petitioner") was convicted in 2019 of conspiracy to commit identity theft. *See* Judgment, Dkt. 35. He has filed a petition for a writ of error *coram nobis* to vacate his conviction. *See* Petition, Dkt. 40. Mr. Ekundayo, a citizen of Nigeria and a legal permanent resident of the United States, alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment because his retained attorney: (1) failed to challenge the victim impact statement in Petitioner's presentence report and to negotiate a lower role classification[1] for Petitioner; (2) did not dispute the loss amount used to calculate Petitioner's forfeiture obligation; (3) failed to advise Petitioner of the collateral immigration consequences of pleading guilty; (4) failed to challenge a purported error in Petitioner's judgment; (5) included an appellate waiver in Petitioner's plea agreement; and (6) attempted to overcharge Petitioner and refused to provide receipts for completed payments. *See id.*; *see also* Pet'r Supp. Ltr., Dkt. 42. The Government opposes Mr. Ekundayo's petition. *See* Gov. Resp., Dkt. 43. For the reasons discussed below, Mr. Ekundayo's petition for writ of error *coram nobis* is DENIED.

---

[1] Although it is not entirely clear, the Court presumes that Petitioner means that his attorney should not have agreed to a role adjustment for him being a minor participant but should have negotiated for a minimal role adjustment when stipulating to the applicable Guidelines range.

## BACKGROUND

On April 26, 2018, Mr. Ekundayo was charged in a sealed complaint with one count of conspiracy to commit identity theft, *see* Sealed Compl., Dkt. 1; he was arrested on May 23, 2018, and an indictment was returned on August 30, 2018, *see* Indictment, Dkt. 11.  Mr. Ekundayo accepted a plea offer, *see* Gov. Resp., Dkt. 43 at Ex. B [hereinafter "Plea Agreement"], and pled guilty on November 2, 2018.  Plea Tr., Dkt. 18 20:14–19.  On March 20, 2019, he was sentenced to 24 months imprisonment.  Sentencing Tr., Dkt. 37 20:4–6; Judgment at 2.  The same day, the Court entered a consent preliminary order of forfeiture in the amount of $7,170, which Mr. Ekundayo and his attorney had both signed.  *See* Forfeiture Order, Dkt. 34.  Mr. Ekundayo was released from prison on November 13, 2020, and, on April 14, 2021, was ordered removed from the United States.  *See* Gov. Resp. at 6.  Six days later, Mr. Ekundayo, proceeding pro se, filed the instant petition for a writ of error *coram nobis*, alleging that his attorney rendered ineffective assistance by failing to litigate certain plea and sentencing issues.

## DISCUSSION

A petition for a writ of error *coram nobis* is "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."  *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998).  The writ should issue only where "extraordinary circumstances are present."  *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (citation omitted); *see also United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) ("The writ of error *coram nobis* is an extraordinary remedy that issues only in extreme cases.") (citations and internal quotation marks omitted).  "[R]elief under the writ is strictly limited to those cases in which errors of the

most fundamental character have rendered the proceeding itself irregular and invalid." *Foont*, 93 F.3d at 78 (cleaned up).

To be entitled to relief, the petitioner "must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (cleaned up). The burden lies with the petitioner, and it is "a heavy one because a court reviewing a petition for *coram nobis* relief 'must presume that the proceedings were correct[.]'" *Rutigliano*, 887 F.3d at 108 (citation omitted). At the same time, "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis removed) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Ineffective assistance of counsel in violation of the Sixth Amendment is one circumstance that compels granting the writ to achieve justice. *Doe v. United States*, 915 F.3d 905, 910 (2d Cir. 2019); *see also Rodriguez v. United States*, 730 F. App'x 39, 42 (2d Cir. 2018); *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014); *Chhabra v. United States*, 720 F.3d 395, 406 (2d Cir. 2013). To prove ineffective assistance of counsel, the petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The attorney's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

Here, while Petitioner undoubtedly continues to suffer legal consequences from his conviction, as he now faces deportation, he has not adequately alleged ineffective assistance of

counsel and, thus, has failed to demonstrate circumstances that would compel granting the writ to achieve justice.  Further, Petitioner has not alleged adequately that he had "sound reasons" for not seeking relief sooner.  Accordingly, his petition for writ of error *coram nobis* is denied.

### I.   Petitioner Has Not Alleged Circumstances That Would Compel Granting the Writ to Achieve Justice

Petitioner fails to satisfy the first requirement for a writ of error *coram norbis* — that circumstances compel granting the writ to achieve justice — because he has not established that his attorney provided ineffective representation.  In particular, Mr. Ekundayo has failed to show, under the first prong of *Strickland*, that his attorney's representation was objectively unreasonable.

Mr. Ekundayo alleges that his attorney provided ineffective assistance by: (1) failing to challenge the victim impact statement in Petitioner's presentence report and to negotiate a lower role classification for Petitioner; (2) failing to dispute the loss amount used to calculate Petitioner's forfeiture obligation; (3) failing to advise Petitioner of the collateral immigration consequences of pleading guilty; (4) failing to challenge a purported error in Petitioner's judgment; (5) including an appellate waiver in Petitioner's plea agreement; and (6) attempting to overcharge Petitioner and refusing to provide receipts for completed payments.  *See generally* Petition, Dkt. 40; *see also* Pet'r Supp. Ltr., Dkt. 42.  Petitioner further alleges that, were it not for his attorney's misleading advice, he would not have agreed to plead guilty.  *See, e.g.*, Petition at 9.

Petitioner's assertions are refuted by Mr. Ekundayo's sworn statements to the Court during his plea allocution and sentencing hearing.[2]  Further, even if construed in the light most

---

[2]     A district court is entitled to rely on a defendant's sworn statements in open court because such statements carry a strong presumption of truthfulness that cannot be overcome by conclusory allegations.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Hernandez*, 242 F.3d 110, 112–13 (2d Cir. 2001).

favorable to Petitioner, these claims are not sufficient to establish a fundamental error by Mr.

Ekundayo's counsel that would "render[] the proceeding itself irregular and invalid." *Foont*, 93

F.3d at 78 (cleaned up).

First, as the Government rightly points out, the terms of Petitioner's plea agreement

speak to the diligence of his attorney's representation; his advocacy resulted in a minor role

adjustment, a below-Guidelines sentence, and a highly favorable order of forfeiture. *See* Gov.

Resp. at 8 ("The circumstances of Ekundayo's case, where the petitioner was represented by

experienced counsel who negotiated a favorable disposition . . . do not support the extraordinary

relief requested in the Petition.").

Second, Mr. Ekundayo's answers to the undersigned's questions during his plea

allocution and sentencing hearing contradict his claims here.  At Petitioner's plea hearing, the

Court confirmed that Ekundayo: was competent to enter a plea; had discussed the indictment and

plea agreement with his attorney; was satisfied with his attorney; and understood that there was a

"high degree of possibility" that he would be deported following the completion of his sentence.

Petitioner then explained to the Court the factual basis for his guilty plea, including admitting the

forfeiture allegation in the indictment.  Plea Tr. 3:1–4:3; 4:7–12; 7:20–8:3; 10:24–11:4; 17:4–

18:17; 20:25–21:8.[3]  Before sentencing Mr. Ekandayo, the Court: confirmed that he had read the

presentence report and discussed it with his attorney and had no objections to it; advised Mr.

Ekundayo that "in all likelihood" he was "going to be deported" following completion of his

term of imprisonment; gave both Mr. Ekundayo and his attorney an opportunity to be heard; and

---

[3]     *See also* Plea Agreement at 5 ("The [petitioner] recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences.  The [petitioner] acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel.  The [petitioner] affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States.").

announced Mr. Ekundayo's forfeiture obligation of $7,170.  Sentencing Tr. 2:14–21; 20:6–11;

21:24–22:5.  At no time during either proceeding — or at any other point until now — did Mr.

Ekundayo object to anything, let alone raise the claims now alleged — despite his access at the

time of both hearings to all of the facts that underlie these claims (other than his claim that the

judgment contained an error).

      Even construing Petitioner's claims liberally and in their most favorable light, as the

Court must given his *pro se* status, they do not establish an error, much less a fundamental error

that undermines the validity of Mr. Ekundayo's guilty plea and sentencing.  First, because Mr.

Ekundayo's Guidelines calculation was based on the fact that the offense involved at least ten

victims, U.S.S.G. § 2B1.1(b)(2)(A)(i), the additional fifty victims listed in the victim impact

statement in Petitioner's presentence report — which Petitioner affirmed that he had read — had

no impact on the applicable Guidelines range; accordingly, his attorney's failure to challenge

Petitioner's victim impact statement was not a fundamental error.[4]

      Second, Mr. Ekundayo's claim that his attorney was ineffective because he did not

challenge the amount of the forfeiture is also without merit.  Mr. Ekundayo admitted the

forfeiture allegation that is contained in the indictment during his plea, Plea Tr. 20:25–21:8,

raised no objection to the specific loss amount in his presentence report, Sentencing Tr. 2:19–21,

*see also id.* 22:5–15, and signed a consent Forfeiture Order pursuant to which he agreed to forfeit

$7,170, Forfeiture Order at 2–3.  Mr. Ekundayo has not explained what additional investigation

or advocacy his attorney should have conducted or how that advocacy would have reduced his

forfeiture obligation; thus, there is no basis to conclude that his attorney's decision not to litigate

---

[4]    Likewise, although Mr. Ekundayo argues that his attorney rendered ineffective assistance because he failed to negotiate a larger role adjustment, he has not explained what additional advocacy his attorney should have provided or how that advocacy would have altered the minor role adjustment he received.

the loss amount was objectively unreasonable.  *See Rutigliano*, 887 F.3d at 110 (no fundamental error where "the record convincingly supports the district court's initial determination of the actual loss . . . and, therefore, the restitution amounts ordered in [petitioners'] original judgments").

Third, Petitioner's claim that his attorney did not advise him of the collateral immigration consequences of accepting a plea deal is belied by the record, specifically the multiple exchanges between the undersigned and Mr. Ekundayo about the likely immigration consequences of his conviction, i.e., the "high degree of possibility that [he was] going to be deported as the result of [his] conviction in this case."  Plea Tr. 10:11–11:4; 11:22–12:2; Sentencing Tr. 20:6–11; *see also* Plea Agreement at 5.  Further, Mr. Ekundayo has not alleged that his attorney gave him false assurances that his conviction would *not* result in his removal from the United States.  *See Padilla v. Kentucky*, 559 U.S. 356, 368–71 (2010).

Fourth, the purported error in the Judgment that Mr. Ekundayo alleges is not an error at all; Mr. Ekundayo was convicted under 18 U.S.C. § 1028(b) *and* (f).  Thus, while the Judgment may have been unartfully worded, it is not wrong that the statute of conviction is "18 [U.S.C.] 1028B.F."  Judgment at 1.

Fifth, the appellate waiver in Plaintiff's plea agreement is, as the Government explains, "a standard provision in the Government's plea agreements," "was not included at defense counsel's request," and does not insulate defense counsel from ineffective assistance claims, Gov. Resp. at 10; indeed, the plea agreement — which Petitioner confirmed to the Court that he had read — provides a carve-out for such claims, *see* Plea Agreement at 4 ("[N]othing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert

claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.  Rather, it is expressly agreed that the defendant reserves those rights.").

Finally, although Mr. Ekundayo claims that his attorney attempted to overcharge him and refused to provide receipts for payments made, Mr. Ekundayo has not identified any fundamental error in his criminal case that resulted from this fee dispute.

Because Mr. Ekundayo has not shown that his attorney's representation was objectively unreasonable, he has failed to demonstrate ineffective assistance of counsel.  Thus, he has failed to satisfy the first requirement for a writ of error *coram norbis* — he has not shown that granting the writ is necessary to achieve justice.

## II.   Petitioner Does Not Have Sound Reasons for Failing to Seek Relief Sooner

Even if Petitioner could establish that his counsel provided ineffective assistance, he has not demonstrated any "sound reasons" for not challenging his conviction or the loss and forfeiture amounts sooner.  *See Doe*, 915 F.3d at 915 ("The critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay.") (citation and internal quotation marks omitted).

Mr. Ekundayo did not object to his conviction, the loss or forfeiture amounts, or the adequacy of his counsel's representation at any point during his criminal case — before or after pleading guilty — or after sentencing.  He did not file a notice of appeal within fourteen days of sentencing, and he did not file a habeas petition alleging ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255, within one year of the date the judgment became final on April 3, 2019, as allowed by his plea agreement.  *See* Plea Agreement at 4.

Instead, Mr. Ekundayo asserts that he "just realized the ineffectiveness of assistance . . . by his counsel in February 2021, reading the contends [sic] of the charging documents, plea[]

agreement and forfeiture claim of Federal Deposit of Insurance Corporation, most especially, when he was placed in immigration removal proceedings." Petition at 9. But this realization comes too late; Mr. Ekundayo had ample opportunity to read his charging documents, plea agreement, forfeiture order, and all other filings in his case before he pled guilty, not to mention in the more than two years after. Indeed, Mr. Ekundayo indicated to the Court that he *had* read his indictment and plea agreement, among other relevant documents, and that he and his attorney had discussed the consequences of him pleading guilty. *See* Plea Tr. 4:7–12; 7:20–8:3; 14:4–11; *see also* Sentencing Tr. 2:14–21 (confirming that petitioner had read his Presentence Report, discussed it with his attorney, and had no objections). Further, this Court stressed to Petitioner before he pled guilty that there was a high likelihood that he would be deported as a result of his conviction, s*ee* Plea Tr. 10:11–11:4; 11:22–12:2; *see also* Plea Agreement at 5, and announced the amount of forfeiture at the time of sentence, *see* Sentencing Tr. 21:24–22:15. Because all the information supporting Mr. Ekundayo's claims has been available to him for years, his failure to seek relief sooner is not justified.

In sum, Mr. Ekundayo's lack of sound reasons for his failure to seek relief sooner further supports denial of his petition. *See Cisse v. United States*, 330 F. Supp. 2d 336, 344 (S.D.N.Y. 2004) (denying *coram nobis* petition where petitioner provided no sound reasons for not pursuing a direct appeal and for filing the *coram nobis* petition nearly a year after the one-year statute of limitations for a § 2255 habeas petition had run); *see also United States v. Sierra-Naranjo*, No. 78-CR-46, 2018 WL 6267879, at *2 (S.D.N.Y. Nov. 30, 2018) (denying *coram nobis* petition where "the grounds on which [Petitioner] seeks to challenge his convictions . . . are those that a defendant could reasonably be expected to raise on direct appeal or in a habeas petition").

## CONCLUSION

Because Petitioner (1) has not demonstrated circumstances that would compel granting the writ and (2) has failed to demonstrate sound reasons for not seeking relief sooner, his petition for writ of error *coram nobis* is DENIED.  The Clerk of Court is respectfully directed to close the open motion at docket entry 40.  The Clerk is further directed to mail a copy of this Order to Mr. Ekundayo, at Odunayo Ekundayo (J2-32 #A204036051), Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

**SO ORDERED.**

**Date:  November 22, 2021                                         VALERIE CAPRONI**
**        New York, New York                              United States District Judge**

10